IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ROBERTO COTTO-MALDONADO,**          *
    Petitioner,                                          *
                                *
                                *
        v.                                                   *
                                *     **CIVIL NO. 10-1388(PG)**
                                *     **RELATED CRIM. 07-282(PG)**
**UNITED STATES OF AMERICA,**          *
    Respondent.                                        *
_____          *

**OPINION & ORDER**

    Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition and Memorandum in Support (D.E. 1).[1] Respondent filed a Response to the Petition (D.E. 3) and Petitioner filed a Reply thereto (D.E. 4).  For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED.**

**I. BACKGROUND**

    On July 18, 2007, Petitioner, Roberto Cotto-Maldonado (hereinafter "Petitioner" or "Cotto-Maldonado") was charged in a one count Information (Crim. D.E. 2).[2]

    Count One (1) charged: On or about January 12, 2006, in the District of Puerto Rico and elsewhere and within the jurisdiction of this Court, Roberto Cotto Maldonado, the defendant herein, did knowingly possess a stolen firearm,

_____

    [1]D.E. is an abbreviation of docket entry number.

    [2]Crim.D.E. is an abbreviation of criminal docket entry.

to wit, a .32 caliber Colt Cobra revolver, serial number B82232, which had been shipped or transported in interstate or foreign commerce, either before or after it was stolen, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Section 922(j) and 924(a)(2). (Crim. D.E. 2).

On July 18, 2007, Petitioner's Plea Agreement was filed with the Court (Crim. D.E. 3). Pursuant to the terms and conditions of the Plea Agreement "the parties agree that a sentence of imprisonment of seventy (70) months is a reasonable disposition for this case"[3] (Crim. D.E. 3 at p. 4). However, the parties expressly declined to stipulate any assessment as to Cotto-Maldonado's Criminal History Category (Crim. D.E. 3 at p. 4).

On July 18, 2007, Petitioner's Waiver of Indictment and Change of Plea Hearing was held (Crim. D.E. 4). Petitioner waived his right to be indicted by a Federal Grand Jury and pled guilty, pursuant to a Plea Agreement, to a One Count Information (Crim. D.E. 4). On October 18, 2007, Petitioner's Pre-Sentence Report was filed (Crim. D.E. 9). On November 14, 2007, Petitioner, through his counsel, filed Objections to the Pre-Sentence Report (Crim. D.E.

---

[3]The stipulation was done based on the following calculation: A total base offense level of twenty three (23) and assuming a Criminal History Category V the Guideline imprisonment range would be eighty four (84) to one hundred and five (105) months (Crim. D.E. 3 at p. 4). This was a Rule 11(c)(1)(A) and (B) Plea Agreement, therefore the Court was not bound by its stipulations and the Plea Agreement so reflects it (Crim. D.E. 3).

12).  The sole objection raised by Petitioner's counsel was the Probation Officer's determination that Cotto-Maldonado's Criminal History Category was VI and not V as ventured by the parties in the Plea Agreement (Crim. D.E. 12).

On November 20, 2007, Petitioner's Sentencing Hearing was held.  Cotto-Maldonado was sentenced to a term of imprisonment of ninety two (92) months, a Supervised Release Term of three (3) years and a Special Monetary Assessment of one hundred (100) dollars (Crim. D.E. 15). On November 26, 2007, Petitioner, through his counsel, filed a Motion for Correction and Reduction of Sentence Pursuant to Rule 35(a) (Crim. D.E. 16). Petitioner's counsel argued that the Court should correct the sentence of ninety two (92) months imposed upon Petitioner to one of seventy (70) months as stipulated by the parties in the Plea Agreement[4] (Crim. D.E. 16). Judgment was entered on November 26, 2007 (Crim. D.E. 17).  On November 28, 2007, Petitioner, through his counsel, filed a Motion to Amend/Correct Objections to the Pre-Sentence Report and Sentencing[5] (Crim. D.E. 18).  On December 7, 2007,

---

[4]Petitioner's counsel's basis for the argument was that the Court erroneously applied application note three (3) of Guideline Section 4A 1.2 and thus determined a Criminal History Category that was higher than the one assumed by the parties in the Plea Agreement (Crim. D.E. 16).

[5]The sole purpose of this second filing was to advise the Court that the original motion filed by counsel contained several typographical errors which in this second motion had been corrected

Petitioner, through his counsel, filed a Notice of Appeal
(Crim. D.E. 19).   On December 17, 2007, the Government
filed its Response to both motions to amend or correct the
Pre Sentence Report and Sentence imposed[6] (Crim. D.E. 20).
On March 5, 2008, the Court denied Petitioner's Motion for
Correction and Reduction of Sentence Pursuant to Rule 35(a)
(Crim. D. E. 25).   On March 5, 2008, the Court granted the
Government's Response to the two motions, filed by
Petitioner, requesting his Sentence be corrected[7] (Crim.
D.E. 28).   On June 4, 2009, the First Circuit Court of
Appeals issued its Judgment in the matter, affirming
Petitioner's conviction. United States v. Cotto-Maldonado,
Appeal No. 08-1034 (1st Cir. June 4, 2009). No certiorari
was filed and conviction became final on September 2, 2009.
On May 11, 2010, Petitioner filed his Section 2255 Petition
(D.E. 1) as such the same is timely.[8]

──────────────────

(Crim. D.E. 18).

[6]In its Response the Government advised the Court that it
stood by the provisions and recommendations of the non binding Plea
Agreement.  However, the Government acknowledged that the Criminal
History Category of VI as calculated by the Probation Officer and
accepted by the Court was correct, and therefore the sentence
imposed by the Court was correct (Crim. D.E. 20).

[7]The Court left Petitioner's sentence as originally imposed
without changes nor modifications, it stood by its original
sentencing determination.

[8]Pursuant to the Antiterrorism Death Penalty Act, Petitioner
had one year as of September 2, 2009, the date his conviction
became final, to file a timely 2255 Petition.

## II. DISCUSSION

In his 2255 Petition Cotto-Maldonado raises the following allegations of ineffective assistance of counsel: (1) counsel was ineffective because he allowed the imposition of a term of imprisonment of ninety two (92) months which was above the seventy (70) months term of imprisonment stipulated by the parties in the Plea Agreement; (2) counsel was ineffective for failing to request a psychiatric evaluation of Petitioner; (3) counsel was ineffective for failure to request a downward departure based on Petitioner's mental illness; and (4) appellate counsel was ineffective for his filing of a <u>Anders</u>[9] brief.

A review of the record clearly indicates that Petitioner's claims are either meritless or simply wrong therefore the same shall be **DENIED** by the Court.

## A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

    1.   the sentence was imposed in violation of the Constitution or laws of the United States...

    2.   the court was without jurisdiction to impose the sentence

---

[9] An Anders brief is a brief filed by appellate counsel before the Court of Appeals asserting the lack of meritorious grounds for appeal. <u>Anders</u> v. <u>State of California</u>, 386 U.S. 738 (1967).

      3.   The sentence was in excess of the maximum authorized by law  or...

      4.   The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief." <u>See</u> Rule 4(b), Rules Governing Section 2255 Proceedings, <u>Dziugot</u> v. <u>Luther</u>, 897 F.2d 1222, 1225 (1st Cir. 1990).

It is well settled law that a section 2255 motion is not a substitute for an appeal.  Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. <u>United States</u> v. <u>Essig</u>, 10 F.3d 968 (3d Cir 1993).  If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", <u>United States</u> v. <u>Frady</u>, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". <u>Murray</u> v. <u>Carrier</u>, 477 U.S. 478, 496 (1986).  The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**B.   Claim of Ineffective Assistance of Counsel**

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993).

To establish ineffective assistance of counsel, a defendant must show that:

1.   His attorney's performance was deficient, and

2.   The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688.  Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.  To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to

undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>Argencourt</u> v. <u>United States</u>, 78 F.3d 14 (1st Cir. 1996); <u>Darden</u> v. <u>Wainwright</u>, 477 U.S. 168 (1986); <u>Lockhart</u> v. <u>Fretwell</u>, 506 U.S. 364 (1993). Petitioner fails to meet this standard and the record so reflects it.

**Ineffective assistance of counsel for allowing the imposition of a term of imprisonment of ninety (92) months instead of the stipulated seventy (70) months**

Petitioner's first allegation revolves around the fact that he was sentenced to a term of imprisonment that was higher than what he had expected. The Court imposed upon Petitioner a term of imprisonment of ninety two (92) months when in fact Petitioner expected to be sentenced to a term of imprisonment of seventy (70) months.

Petitioner alleges that the only reason he chose to plead guilty and waive his right to trial was because he was promised a term of imprisonment of seventy (70) months. Petitioner further alleges that it was his attorney who provided him with incorrect advise by informing him that his prior state convictions would be grouped together and provide for a Criminal History Category of V and not the Category VI which was later determined by the Probation Officer and followed by the Court. Petitioner argues that both the Government and the Court violated the Plea Agreement and that the Court was without jurisdiction to impose a sentence of ninety two (92) months because it was based on a breach of a promise which defense counsel and

the Government had made with him.[10]

It is well settled that the right to the effective assistance of counsel applies to certain steps before trial.  The "Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." Missouri v. Frye, 132 S.Ct. 1399 (U.S. Mo., March 12, 2012; cert. denied, Frye v. Missouri, 2012 WL 986837 (U.S. Mo. Mar. 26, 2012); citing Montejo v. Louisiana, 556 U.S. 778, 786 (2009).  Critical stages include arraignments, post indictment interrogations, post indictment lineups, and the entry of a guilty plea, Id. at 5.

The two part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52 at p. 57 (1985) The performance prong of Strickland requires a defendant to show that counsel's representation fell below an objective standard of reasonableness.  To establish Strickland prejudice a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice, Lafler v. Cooper, 132 S. Ct. 1376, at

---

[10]The Court notes that Petitioner categorizes this "promise" of seventy (70) months of imprisonment as being a secret deal amongst his counsel and the Government.

1384 (2012).  Petitioner has failed to meet this showing.

Cotto-Maldonado alleges that he was induced to plead guilty do to some secret promise between his attorney and the Government which guaranteed him a seventy (70) month prison sentence.  This bold allegation is made without any corroborating evidence and the same is contradicted by the record.

Petitioner entered into a Plea Agreement with the Government by which he pled guilty to a one count Information in exchange for a particular sentencing recommendation.  From the Plea Agreement itself it is pellucidly clear that the sentence of seventy (70) months was precisely a recommendation.

> Paragraph Six (6) - Rule 11(c)(1)(A) and (B)
> The defendant is aware that the sentence is within the sound discretion of the sentencing judge and may be imposed in accordance with the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes, which are advisory.  The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.  If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the

obligations under this plea agreement. (Crim. D.E.
3 at p. 3)

The Plea Agreement specifically informs petitioner that
regardless of the agreement entered into with the
Government it is up to the Court to determine his sentence.
The Court has the final say.  Since Petitioner waived his
right to be indicted by pleading guilty to an Information,
during the Waiver of Indictment and Change of Plea Hearing
the Court asked specific questions in order to ensure that
Petitioner was well aware of what he was doing and the
consequences of his decision.

> THE COURT: Have you had enough time to discuss
> with your attorney?
> THE DEFENDANT: Yes, Sir.
> THE COURT: And you discussed this procedure that
> we are going through now, the filing of an
> Information by the Government?
> THE DEFENDANT: Yes, sir.
> THE COURT: And you are satisfied with his services
> up to now?
> THE DEFENDANT: Yes, sir. (Tr. C.O.P. Hr. of July
> 18, 2007 at pp. 3-4)
>
> THE COURT: Have you discussed waiving your right
> to indictment by a grand jury with your attorney?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand the right that you

have to indictment by a grand jury?

THE DEFENDANT: Yes, sir.

THE COURT: Have any threats or promises been made to you to waive indictment by a grand jury?

THE DEFENDANT: No, sir. (Tr. C.O.P. Hr. of July 18, 2007 at p. 5).


THE COURT: Has your attorney explained to you what the maximum possible penalty provided by statute is?

THE DEFENDANT: Yes, sir. (Tr. C.O.P. Hr. of July 18, 2007 at p. 9).


THE COURT: Has anybody threatened you in any way to induce you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Is anybody forcing you in any way to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anybody offered you any rewards or things of value to get you to plead guilty?

THE DEFENDANT: No, sir. (Tr. C.O.P. Hr. of July 18, 2007 at p. 10)


THE COURT: Now, I have a document in front of me entitled "Plea Agreement."  This Plea Agreement has been signed by you, your attorney, and the

attorney for the Government.  Has your attorney explained to you that I am not part of the agreement that you have with the Government?

THE DEFENDANT: Yes, sir.

THE COURT: Since I am not part of this agreement, it means that I am not bound by any sentencing guideline calculations, stipulations, or sentencing recommendations contained in the Plea Agreement.  Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: It also means that I have authority and discretion to impose any sentence up to the maximum of ten years, which is what the law provides.  Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: It also means that if I do impose a sentence that turns out to be higher than the one you might be expecting, that reason alone would not be grounds for the Court to allow you to withdraw your plea of guilty.  Do you understand?

THE DEFENDANT: Yes, sir. (Tr. C.O.P. Hr. of July 18, 2007 at pp. 11-12)

The Court made it perfectly clear that there was absolutely no guarantee that the sentencing recommendation of the Plea Agreement, that is seventy (70) months would be followed by the Court.  Furthermore, the Court ensured that Petitioner understood that if the Court sentenced him to a

Civil No. 10-1388(PG)                                    Page 14

term of imprisonment different from what he expected that within itself was not cause for withdrawing the Plea Agreement.  It was a calculated risk which Petitioner was willing to take.  At all times Petitioner stated he understood and informed the Court that no promises or offers had been made other than those in the Plea Agreement.  At no time did Petitioner state that he understood that the Court had to sentence him to the seventy (70) months and in fact was advised otherwise by the Court.

Clearly once Petitioner received a sentence higher than what he expected he alleged that his counsel coerced him and falsely claimed that there was a secret agreement amongst the parties.  These allegations without further evidence are contrary to the record and cannot be entertained by the Court.

Petitioner raises the argument that his counsel was ineffective because he incorrectly advised him that his prior local criminal convictions could be grouped together for purposes of establishing his Criminal History Category and by doing such a grouping his Criminal History Category would be V.  Both the Court and the Probation Officer determined that Petitioner's prior convictions did not stem from the same acts and could not be grouped which in turn resulted in Petitioner's Criminal History Category of VI. This allowed for the Court's sentence of ninety two (92)

months[11].

Assuming that Petitioner's counsel did in fact advise him as to the grouping of his prior state convictions and the effect they would have on his sentence; and assuming this advise was incorrect Petitioner would have to be able to show the outcome of the plea process would have been different with competent advice.  See <u>Frey</u> at 1388. Petitioner can not meet this burden.

To begin with Petitioner has failed to establish that the advice provided by counsel fell below the standard of competent representation.  Furthermore, Petitioner's counsel clearly understood that Petitioner's prior convictions should be grouped together.  The record reflects that he raised this argument in his objections to the Pre-Sentence Report (Crim. D.E. 12) and in his motion for correction of sentence (Crim. D.E. 16).  A review of the Sentencing Hearing transcript also establishes that Petitioner's counsel raised the argument prior to sentencing.  This was not an argument raised in a perfunctory manner nor out of left field and the Court so recognized it.  Therefore, it cannot be construed as ill-advised or falling below the applicable standard of competent counsel pursuant to <u>Strickland</u>.

---

[11]The guideline sentencing range applicable to Petitioner was ninety two (92) to one hundred and fifteen (115) months of imprisonment (Tr. S. Hr. of November 20, 2007 at p. 10).  The Court sentenced Petitioner to the lower end of the applicable guideline.

THE COURT: Well, he has the right to appeal anyway. Then we might have a clear expression from the Court of Appeals of the First Circuit of whether the way I interpret it [referring to the issue of the grouping of convictions] is the correct one or the way that you interpret it according to the case law you have cited is the correct one (S. H. Tr. of July 18, 2007 at p. 7).

Petitioner received sound legal advice from his attorney there is no evidence on the record that contradicts this. The fact that Petitioner did not receive the sentence he hoped for is not sufficient for an ineffective assistance of counsel claim. "It is, of course, true that defendants have 'no right to be offered a plea... nor a federal right that the judge accept it." Lafler v. Cooper, 132 S.Ct. 1376 at 1387 (2012). Such is Petitioner's case. Petitioner's first allegation of ineffective assistance of counsel is **DENIED.**

## **Ineffective assistance of counsel for failure to request a psychiatric evaluation**

Cotto-Maldonado's second claim of ineffective assistance of counsel is regarding his mental health. Petitioner alleges that his counsel was ineffective in his failure to request a psychiatric evaluation. He alleges that he has an IQ level below 55, a seventh (7th) grade education and a prolonged addiction to narcotics which has left him with certain mental problem. The record is void

of any indication that Petitioner suffers from mental
instability, or that he has a low IQ level or that he has
any difficulty understanding the criminal process he was
involved in.

At the Change of Plea Hearing Petitioner informed the
Court that he understood the process, knew why he was in
Court and was aware of the charges against him.  He also
indicated that he was not taking any medication. (See Tr.
C.O.P. Hr. of July 18, 2007).

Petitioner has provided no evidence to sustain his
allegations of his mental health, or lack thereof, or of
his IQ level and the impact it would have had in his
decision making process. In fact the same are contradicted
by Petitioner's own statements on the record.  The Court
will not entertain speculative arguments without basis in
fact.  "Judges are not expected to be mind readers.
Consequently, a litigant has an obligation to spell out its
arguments squarely and distinctly, or else forever hold its
peace." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st
Cir. 1988).  Petitioner's second allegation is **DENIED.**

**Ineffective assistance of counsel for failure to request a**
**downward departure based on mental illness**

Petitioner's third allegation of ineffective assistance
of counsel again revolves around his alleged mental
deficiency.  Petitioner contends that his attorney should
have requested a downward departure due to his low IQ, his
continuous drug use and his mental illness as a result of

his drug use. Again the record does not support Petitioner's allegation.[12]

There was no basis in fact for counsel to request the downward departure for mental illness or drug abuse as Petitioner alleges. Petitioner has not provided any evidence that would tend to indicate that he indeed suffers from some form of mental illness that would warrant a departure. The record provides a picture of an individual who started committing violent offenses at a very early age in his life and that has been a drug user for the greater part of his life, these facts are not conducent to a downward departure.

Furthermore, this allegation is raised by Petitioner in a perfunctory manner without any reference to the record, unaccompanied by some effort at developed argumentation, as such it is deemed waived. Trenkler v. United States, 268 F.3d 16 (1st Cir. 2001) citing United States v. Zannino, 859 F.2d,1,17 (1st Cir. 1990). Petitioner's third allegation is

---

[12]During the Sentencing Hearing the Court made the following finding: "Moreover, as reflected in the pre-sentence report, he has a long standing drug addiction history, some mental health treatment through AMSSCA. The Court in considering all these factors imposes a sentence which is deemed sufficient but not greater than necessary in order to address the statutory objectives of just punishment considering the seriousness of the offense, deterrence, and the protection of the public from further crimes of this defendant. The Court considers that the defendant must be provided with a structured environment where he can obtain effective treatment for his drug addiction and for his rehabilitation. The Court has not identified any factors that would warrant sentencing the defendant outside of the guideline." (S. Hr. Tr. of November 20, 2007, at pp. 11-12).

**DENIED.**

## Ineffective assistance of appellate counsel for filing a Anders brief

Petitioner's final allegation of ineffective assistance of counsel is directed towards his appeal's counsel. Petitioner alleges that by his attorney filing a <u>Anders</u> brief instead of a formal appeals brief he was ineffective. Petitioner is mistaken, quite the opposite is true.  If Petitioner's counsel had not filed an <u>Anders</u> brief he might have been deemed ineffective.

Claims of ineffective assistance of appellate counsel are measured under the <u>Strickland</u> standard, <u>Evitts</u> v. <u>Lucy</u>, 469 U.S. 287(1985).  Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits, <u>Lattimore</u> v. <u>Dubois</u>, 311 F.3d 46 (1st Cir. 2002).

Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." <u>Smith</u> v. <u>Robbins</u>, 528 U.S. 259 at page 288 (2000).  To overcome the presumption of competence of appellate counsel, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert.  Cotto-Maldonado has not made such a showing.

The duty of appellate counsel is to "support his client's appeal to the best of his ability." <u>Anders</u> v. <u>State of California</u>, 386 U.S. 738 at 744 (1967).  Counsel

must either proceed with the appeal or, if he believes the appeal is frivolous, submit a brief "referring to anything that might arguably support the appeal." <u>Id</u>.

The allegation that counsel failed to file an appeal after being required by Petitioner is contradicted by the record. Petitioner's counsel submitted an <u>Anders</u> brief and a motion to withdraw, asserting that there were no meritorious issues to be raised on appeal, pursuant to <u>Anders</u> v. <u>State of California</u>, 386 U.S. 738, 744 (1967). Petitioner did not file a separate brief, after being informed of his right to do so. As required by <u>Anders</u>, the Court conducted a full examination of the proceedings, including the guilty plea and sentencing hearings, and concluded that there were no non-frivolous issues on appeal. As such his final claim of ineffective assistance of counsel fails, the same is **DENIED**.

For the reasons previously stated this Court deems Petitioner's Cotto-Maldonado's 2255 Petition **DENIED**. The same fails to meet the <u>Strickland</u> standard of ineffective assistance of counsel.

## **Evidentiary Hearing**

Cotto-Maldonado, as part of his 2255 Petition requested an evidentiary hearing. However, Petitioner has failed to meet the requirements for such a hearing to be granted.

In order for Petitioner to prosper in his request, he must be able to demonstrate to the Court by a preponderance of the evidence, not only an entitlement to the 2255

Petition for relief, but also entitlement to an evidentiary hearing, <u>David</u> v. <u>United States</u>, 134 F.3d 470, 477-478 (1st Cir. 1998); <u>Reyes</u> v. <u>United States</u>, 421 F. Supp. 2d 426, 430 (D.P.R. 2006).  Inasmuch as Petitioner has failed in his burden as to his 2255 Petition he has failed as well in the request for an evidentiary hearing.  Therefore Petitioner's request for an evidentiary hearing is **DENIED.**

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **ROBERTO COTTO-MALDONADO,** is not entitled to federal habeas relief on the claims.  Accordingly, it is ordered that Petitioner **ROBERTO COTTO-MALDONADO's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E. 1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**  Petitioner's request for evidentiary hearing is also **DENIED.**

## IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255.  It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th of April 2012.


*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**UNITED STATES DISTRICT JUDGE**